No. 528

BUTTERICK PUB. CO. v. MAURICE and ANNIE SMITH

No. 18680. Ohio Supreme Court
Pending on motion to require Hamilton Appeals to certify record.

677. JUDGMENT — Summarily striking answer from file and entering.

The statement of plaintiffs in error, the Butterick Pub. Co., filed in this case, claims that in September, 1922, Maurice and Annie Smith, the defendants, who were conducting a store in Cincinnati, contracted to purchase certain merchandise from it. The goods so purchased were shippjed, but no part of the purchase price was paid. In November, 1923, the Butterick Co. brought action in the Supreme Court of Cincinnati to recover the amount, and sued defendants as partners doing business under the name of M. & A. Smith. Annie Smith answered, and denied the allegation of the petition, and Maurice filed a similar general denial, and set up a second defense that alleged an agreement to settle the claim and the refusal of the Butterick Co. to abide by that agreement.

The Butterick Co. filed a motion to strike the answer of Maurice Smith from the files, and a supplementary motion for a summary judgment against him, upon the ground that the answer was false and a sham, and filed for the sole purpose of delay. At the hearing, a similar motion was filed against the answer of Annie Smith, and the court entered judgment, finding that the answers of both defendants were 'fals and sham, filed in bad faith and for sole purpose of delay," and ordering that the plaintiff recover judgment against both defendants.

This judgment was reversed by the Court of Appeals, and it is claimed that the Court of Appeals erred in reversing the court below, as it had before it merely a transcript of the docket and journal entries and original papers from the Superior Court, not what occurred at the hearing below or the evidence there submitted.

Attorneys—Edward H. Brink, William F. Fox and Clark Wilby, for plaintiff. Alvin H. Reive, for defendant; all of Cincinnati.

---

No. 529

ALBERT T. BECK v. HARRY L. BINGHAM

No. 18747. Ohio Supreme Court

On motion by Beck to require Hamilton Common Pleas to certify record. Docketed Aug. 8, 1924. 2 Abs. 498.

118. AUTOMIBILES—Negligence — Relation of Scintilla Rule and direction of a verdict.

The motion of Beck makes the statement of his case as follows:

This action presents as the main question, whether in an action where it is incumbent upon plaintiff to prove negligence as an essential fact, and his evidence is incredible as a matter of law, does the "Scintilla Rule" require a submission of the cause to the jury, or is it the duty of the court to direct a verdict for defendant? His contention is that in such case the court must direct such a verdict, and that such action does not infringe upon the "Scintilla Rule," assuming such rule to be the law of Ohio.

The action arose out of a collision at the corner of two streets in Cincinnati, between the touring car of Beck and a truck of Bingham's. Plaintiff's petition sought a recovery for personal injury and property damaged, claiming that he, Beck, had the right of way under the ordinances of Cincinnati and alleging that the truck of Bingham was driven at a speed in excess of 20 miles per hour, and that defendant attempted to pass in front of Beck's car and failed to give it the right of way, and it ran into the truck.

The answer admitted the collision, but denied all negligence and alleged that the collision arose by reason of plaintiff's negligence in driving his truck at a rate of speed in excess of that permitted by law, failing to give warning of its approach and failing to have the same under proper control when approaching the intersection of said streets. By way of cross-petition defendant, Bingham, sought a recovery for damages by reason of plaintiff's truck striking defendant's automobile while plaintiff was operating his truck in the negligent manner hereinbefore stated.

At the conclusion of plaintiff's case in the trial court, and also at the conclusion of the entire case, motions were made for an instructed verdict for defendant, it being claimed by defendant the case showed that it was physically impossible for the collision to have arisen as stated by plaintiff, and that his testimony, as a matter of law, was incredible. That at the close of the defendant's evidence it showed that the accident occurred entirely by reason of the negligence of the plaintiff.

Attorneys—Cohen, Mack & Hurtig, for plaintiff. Taft, Stettinuis & Hollister, Cincinnati, for defendants.